FILED & ENTERED

MAY 25 2018

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY tatum        DEPUTY CLERK

**NOT FOR PUBLICATION**

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re:<br><br>MARY KATHERINE CUMMINS-COBB,<br><br>                                    Debtor. | Case No.  2:17-bk-24993-RK<br><br>Chapter 7<br><br>Adv. No.  2:18-ap-01066-RK<br><br>**ORDER DENYING MOTION FOR JUDGMENT ON THE PLEADINGS WITHOUT PREJUDICE** |
| KONSTANTIN KHIONIDI, as Trustee of the Cobbs Trust,<br><br>                                    Plaintiff,<br>     vs.<br><br>MARY KATHERINE CUMMINS-COBB,<br><br>                                    Defendant. | Date:          May 22, 2018<br>Time:         2:30 PM<br>Courtroom: 1675 |

This adversary proceeding came on for hearing before the undersigned United States Bankruptcy Judge on May 22, 2018 on Plaintiff Konstantin Khionidi's ("Plaintiff") Motion for Judgment on the Pleadings (Docket No. 10) filed on April 27, 2018.  Philip H. Stillman, of the law firm of Stillman & Associates, appeared for Plaintiff.  Defendant Mary Katherine Cummins-Cobb, who is self-represented, appeared for herself.

-1-

The court having considered Defendant Mary Katherine Cummins-Cobb's opposition (Docket No. 16) filed on May 17, 2018 and Plaintiff's reply (Docket No. 17) filed on May 18, 2018 and the oral arguments of the parties at the hearing, the court denies the Motion without prejudice for the reasons stated in the court's tentative ruling (copy of tentative ruling attached hereto) posted online on the court's website before the hearing as modified by the court's oral comments and ruling stated at the hearing regarding service of the motion on Defendant.  Defendant orally stated at the hearing that she consented to email service of the moving papers, and as the court stated at the hearing, the lack of proof of service of the motion is not a ground for denial of the Motion.  However, absent proof of a written stipulation regarding email service, which is filed on the case docket, Plaintiff is not relieved from the obligation to serve all pleadings and other papers on Defendant by mail or other means of service as required by Federal Rule of Bankruptcy Procedure 7005, making Federal Rule of Civil Procedure 5(a) applicable to this adversary proceeding.

IT IS SO ORDERED.

###

Date: May 25, 2018

_____
Robert Kwan
United States Bankruptcy Judge

ATTACHMENT – TENTATIVE RULING

Deny plaintiff's motion for judgment on the pleadings because: (1) no proof of service on defendant (LBR 9013-1(a), FRBP 7005 and FRCP 5(b)(2) requires mail service on defendant - no proof of consent by defendant to electronic service); (2) no proof of standing to assert claim of Amanda Lollar - defendant denies that plaintiff is Lollar's assignee in her answer, which also precludes judgment on the pleadings; (3) no showing that plaintiff is entitled to judgment on the pleadings that the elements of collateral estoppel meet the standards of Texas law under which the state court judgment was entered and the judgment entitled to collateral estoppel effect under Texas law meets the federal standards for debt dischargeability claims under 11 U.S.C. 523(a)(6) under In re Plyam, 530 B.R. 456 (9th Cir. BAP 2015).

Although defendant filed a motion for continuance in order to have more time to respond to plaintiff's reply, the court is inclined to deny the motion for continuance because the court thinks plaintiff's motion needs to be substantially revised to address the court's concerns about the application of collateral estoppel here since plaintiff's analysis is conclusory and insufficient because there is no analysis of Texas law of collateral estoppel to show the collateral estoppel effect of the Texas judgment.  The court is not so sure that the motion can be granted on its face because the opinion of the Texas Court of Appeals stated at page 20 of its memorandum opinion (attached as Exhibit 2 to Plaintiff's Complaint) that the standard of proof requires only at least negligence for defamation claims between private parties concerning private speech, which does not meet the willfulness standard of 11 U.S.C. 523(a)(6) as indicated in In re Plyam, supra, and at page 59 of its memorandum opinion that recovery of exemplary or punitive damages in Texas civil practice can be met by showing gross negligence which also does not meet the willfulness standard of 11 U.S.C. 523(a)(6) as indicated in In re Plyam, supra.  Plaintiff will have to provide a complete analysis of the requirements of Texas law to prove a defamation claim and entitlement to exemplary damages and to establish the collateral estoppel effect of a judgment on a defamation claim and a claim for exemplary damages in order to show that these requirements satisfy the federal standards of debt dischargeability under 11 U.S.C. 523(a)(6).  Denial of the motion will be without prejudice to allow plaintiff the opportunity to remedy these deficiencies.  In resubmitting the motion, plaintiff should also submit a copy of the state court complaint which relates to the state court judgment so that the court can see what exactly were the claims upon which judgment was rendered.  Plaintiff ahsould also submit any express findings of fact made by the Texas trial court which were not attached to the complaint, which findings may show whether the standards of proof met in the state court case satisfy the federal standard of willfulness and malice under 11 U.S.C. 523(a)(6).

Appearances are required on 5/22/18, but counsel and self-represented parties may appear by telephone in accordance with the court's telephone appearance procedures posted online on the court's website.