FILED & ENTERED

FEB 10 2020

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY bakchell  DEPUTY CLERK

**NOT FOR PUBLICATION**

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re:<br><br>MARY CUMMINS-COBB,<br><br>　　　　　　　　　Debtor.<br>_____<br><br>KONSTANTIN KHIONIDI, as Trustee of the COBBS TRUST,<br><br>　　　　　　　　　Plaintiff,<br>　　v.<br><br>MARY CUMMINS-COBB,<br><br>　　　　　　　　　Defendant. | No. 2:17-bk-24993-RK<br><br>Chapter 7<br><br>Adv. No. 2:18-ap-01066-RK<br><br>**STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW ON DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>Date:　　　　December 17, 2019<br>Time:　　　　11:00 a.m.<br>Place:　　　　Courtroom1675<br>　　　　　　Roybal Federal Building<br>　　　　　　255 East Temple Street<br>　　　　Los Angeles, California  90012 |

This adversary proceeding came on for hearing before the undersigned United States Bankruptcy Judge on December 17, 2019 on the Motion of Defendant Mary Cummins-Cobb, for Summary Judgment.  Defendant Mary Cummins-Cobb appeared for herself at the hearing on December 17, 2019, and Philip H. Stillman, of Stillman & Associates, appeared for Plaintiff Kostantin Khionidi, as Trustee of the Cobbs Trust. Defendant filed and served her motion for summary judgment on October 8, 2019. Electronic Case Filing "ECF" 91.  Defendant's motion requested summary judgment (1) on Plaintiff's Fourth Cause of Action in his adversary complaint to determine the nondischargeability of a judgment rendered in Texas state court against Defendant for Defamation on August 27, 2012, and the California Sister-State judgment entered on the Texas judgment by the Superior Court of California for the County of Los Angeles, (2) that Plaintiff lacks standing and (3) that the case should be dismissed for "unclean hands." Plaintiff who is the nonmoving party has asked that this court grant partial summary judgment on his Fourth Cause of Action as there is no longer any issue of fact regarding either the validity of the Cobbs Trust or the validity of the Assignment of Judgment to the Trust.  This court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157(b) and 1334(b). This matter is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (I), and (J). Venue is appropriate in this court. 28 U.S.C. § 1409(a).

Having considered the papers and pleadings relating to the motion and the arguments of the parties, the court adopts the following Statement of Uncontroverted Facts and Conclusions of Law regarding Defendant's Motion for Summary Judgment based on its independent review of the proposed Statement of Uncontroverted Facts and Conclusions of Law submitted by Plaintiff styled "Plaintiff's Findings of Facts and Conclusions of Law," lodged on December 27, 2019, and Defendant's reply and declaration in opposition thereto, filed on January 8, 2020.  The court hereby denies Defendant's Motion for Summary

Judgment and pursuant to Federal Rule of Civil Procedure 56(f)(1), grants partial summary

judgment in favor of Plaintiff on his Fourth Cause of Action in the Adversary Complaint,

based on the court's prior May 24, 2019 Order granting Summary Adjudication of Facts

Nos. 1–30 and the uncontroverted facts set forth below.

**UNCONTROVERTED FACTS**

The court determines that the following material facts are not genuinely in dispute

and that such facts are uncontroverted and are deemed established in this case.

The motion of Plaintiff Konstantin Khionidi ("Plaintiff"), as Trustee of the Cobbs Trust,

for partial summary judgment on its fourth cause of action in its adversary complaint

pursuant to 11 U.S.C. § 523(a)(6) ("Plaintiff's Motion"), filed on November 26, 2018 (ECF

35), came on for hearing before the undersigned United States Bankruptcy Judge on March

27, 2019.

On May 24, 2019, the court entered its Order Granting in Part and Denying in Part

the Motion of Plaintiff Konstantin Khionidi for Partial Summary Judgment on the Fourth

Cause of Action, Denying Partial Summary Judgment and Granting Summary Adjudication

of Certain Facts (the "May 24, 2019 Order"). ECF 82. In the May 24, 2019 Order, the court

summarily adjudicated Facts 1 through 30, finding that "these facts numbered 1 through 30

are uncontroverted and deemed established in this case." *Id.* at 7. However, in the May

24, 2019 Order, the court stated "that there are genuine issues of material fact for trial as to

whether Plaintiff Konstantin Khionidi, as Trustee of the Cobbs Trust, created a valid trust

and has standing to pursue a judgment in this adversary proceeding and whether the

Assignment meets all of the requirements for a valid assignment of a judgment because

there is outstanding discovery that Defendant needs in order to respond to the motion for

partial summary judgment or summary adjudication of facts pursuant to Federal Rule of

Bankruptcy Procedure and Federal Rule of Civil Procedure 56(d)." ECF 82 at 8.

On October 8, 2019, Defendant filed her "Motion for Summary Judgment"

("Defendant's Motion"). ECF 91. Because the court has already summarily adjudicated the

facts necessary to determine nondischargeability of Plaintiff's judgment, the first part of

Defendant's Motion for Summary Judgment, seeking to determine that the judgment debt is dischargeable must be denied.

On April 10, 2017, Amanda Lollar ("Lollar") assigned the judgment to the Plaintiff in this adversary proceeding, Konstantin Khionidi, as Trustee of the Cobbs Trust, pursuant to California Code of Civil Procedure § 673.  May 24, 2019 Order, ECF 82 at 7 (Fact 26).

"An assignee of a right represented by a judgment may become an assignee of record by filing with the clerk of the court which entered the judgment an acknowledgment of assignment of judgment."  California Code of Civil Procedure § 673(a)

Reviewing the Acknowledgment of Assignment of Judgment and contrary to Defendant's unsubstantiated arguments, the Assignment meets all of the requirements for a valid assignment of a judgment required by California Code of Civil Procedure § 673(b). Revocable Living Trust Agreement for the Cobbs Trust ("Trust Agreement"), Exhibit 1 to Opposition to Defendant's Motion for Summary Judgment, Declaration of Philip H. Stillman in Support of Opposition to Motion for Summary Judgment ("Stillman Declaration"), ECF 99.

Defendant also claimed in her Motion that the "Cobbs Trust" was "invalid."  However, Defendant has presented no evidence of facts to support her argument that the Cobbs Trust is not a valid revocable trust created pursuant to California Probate Code §§ 15200 *et seq*.

The Trust Agreement, which is attached to the Stillman Declaration as Exhibit 1, clearly references the Trustor's intent to create a trust, an intention on the part of the settlor to create a trust, the subject matter of the trust, the purpose of the trust, a beneficiary, and acceptance of the trust by the trustee.

The Trust Agreement evidences the intent to create a trust by the settlor or trustor, Plaintiff Konstantin Khionidi.  Trust Agreement, Exhibit 1 to Stillman Declaration.  The Trust

Agreement states: "THIS REVOCABLE LIVING TRUST AGREEMENT, (hereinafter "Trust")is being made as of the 20th day of March 2017, by and between Konstantin Khionidi of Anapa, Krasnodarskii Krai, Russian Federation County, [sic] State of California, [sic] hereinafter referred to as the Trustor and the Trustee designated below."  Trust Agreement, Exhibit 1 to Stillman Declaration.  Those are clearly stated words of the Trustor or Settlor indicating his intent to create a trust.

Article II of the Trust Agreement identifies the Trustor or Settlor and beneficiaries: "The Trustor or Settlor of this trust is Konstantin Khionidi, an Individual residing at UI. Shevchenko 241–50, Anapa, Krasnodarskii Krai, Russian Federation 353440.  The Beneficiary of the Trust during the lifetime of the Trustor is the Trustor. Except as otherwise provided herein, upon the death of the Trustor, the Beneficiary is Bat World Sanctuary, a Texas Corporation with offices at: 217 N. Oak Avenue, Mineral Wells, TX 76067." Trust Agreement, Exhibit 1 to Stillman Declaration.

Article IV of the Trust Agreement identifies the property of the Trust: "All rights, title, and interest in and to all real and personal property, tangible or intangible, listed on the attached Exhibit 'A'" and provides in Article IV, ¶ 5 that "Additional property may be conveyed to the Trust by the Trustor, or any other third party at any time."  Trust Agreement, Exhibit 1 to Stillman Declaration.

The business of the Trust and the powers of the Trustee are spelled out in Article V of the Trust Agreement, see also, California Probate Code § 15204 (authorizing general purpose of trust), and the Trust document is signed by Plaintiff as the Trustor and the Trustee of the Trust.  Trust Agreement, Exhibit 1 to Stillman Declaration.

Defendant seeks summary judgment in her favor based on what Defendant refers to as Plaintiff's "unclean hands."  However, Defendant has presented no admissible evidence that any conduct in this case by Plaintiff amounts to unclean hands.

## CONCLUSIONS OF LAW

### A.    SUMMARY JUDGMENT STANDARD

Defendant moves for summary judgment in her favor on grounds that the debt from Plaintiff's judgment is dischargeable under 11 U.S.C. §523(a)(6) because it does not rise to the level of malice in the California courts, that Plaintiff has no legal standing in the case and that Plaintiff has unclean hands.  Defendant's Motion, ECF 91 at 2.

In this case, Plaintiff has the burden of proof or persuasion at trial on his claim that the debt owed by Defendant is non-dischargeable under 11 U.S.C. §523(a)(6), which is the claim on which Plaintiff moved for summary judgment.  See Plaintiff's Motion, ECF 35.  Plaintiff also has the burden of proof or persuasion at trial to show that he has standing to bring such a claim.  However, as to the affirmative defense of unclean hands raised by Defendant, she has the burden of proof or persuasion at trial on that defense.

As to Defendant's first and second assertions that she is entitled to summary judgment on Plaintiff's debt dischargeability claim under 11 U.S.C. §523(a)(6) and Plaintiff purportedly lacks standing, which are matters on which she does not have the ultimate burden of persuasion, the United States Court of Appeals for the Ninth Circuit has observed, "[a] moving party [for summary judgment] without the ultimate burden of persuasion at trial—usually, but not always, a defendant—has both the initial burden of production and the ultimate burden of persuasion on a motion for summary judgment." *Nissan Fire and Marine Insurance Co., Ltd. v. Fritz Companies, Inc.,* 210 F.3d 1099, 1102 (9th Cir. 2000) (citation omitted).  "In order to carry its burden of production, the moving party must either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial."  *Id.* (citation omitted).  "In order to carry its ultimate burden of persuasion on the motion  [for summary judgment],

the moving party must persuade the court that there is no genuine issue of material fact."
*Id.*

As to Defendant's third assertion that she is entitled to summary judgment on Plaintiff's claims based on the doctrine of unclean hands, which is a matter on which she has the ultimate burden of persuasion because it is an affirmative defense, she must show beyond controversy every essential element of her claim or defense.  *Southern California Gas Co. v. City of Santa Ana,* 336 F.3d 885, 888 (9th Cir. 2003); *see also,* Phillips and Stevenson, *Rutter Group Practice Guide: Federal Civil Procedure Before Trial, California & Ninth Circuit Edition,* ¶14:124 (online ed., April 2019 update).  "A party may move for summary judgment on the ground that there is no genuine issue of material fact as to its own claims or defenses. . . . In such cases, the moving party bears the initial burden of proof (production) as to each material fact upon which it has the burden of persuasion at trial: *Where the moving party has the burden*—the plaintiff on a claim for relief or the defendant on an affirmative defense—*his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party."*  Phillips and Stevenson, *Rutter Group Practice Guide: Federal Civil Procedure Before Trial, California & Ninth Circuit Edition,* ¶14:124, *citing and quoting inter alia, Calderone v. United States,* 799 F.2d 254, 259 (6th Cir. 1986)(emphasis in original).

As to Defendant's first asserted ground that the debt from Plaintiff's judgment is dischargeable under 11 U.S.C. § 523(a)(6), Plaintiff has the burden of proof or persuasion at trial on his claim under that statute that the debt is nondischargeable.  *Grogan v. Garner,* 498 U.S. 279, 284-291 (1991).  However, because Defendant moved for summary judgment without the burden of persuasion at trial, specifically arguing that the judgment does not meet the malice standard of the California courts, Defendant must produce evidence negating an essential element of the nonmoving Plaintiff's claim under 11 U.S.C.

§ 523(a)(6), for example, that the debt is not from willful and malicious injury under that statute, or, show that Plaintiff as the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial to prove willful and malicious injury.  The evidentiary record indicates that Defendant has not met her initial burden of production of evidence that the debt from the judgment is not from willful and malicious injury.  Defendant does not offer any evidence in support of her motion as to willful and malicious injury other than to refer to the Texas trial court's judgment of August 27, 2012 in favor of Plaintiff's assignor, Amanda Lollar.  A copy of the Texas trial court's judgment (the "Texas Judgment"), *Bat World Sanctuary v. Cummins,* No. 352-248169-10, 2012 WL 4050469 (District Court of Texas, 352nd Judicial District, Tarrant County, judgment entered on August 27, 2012), is attached as Exhibit 3 to Declaration of Philip H. Stillman in Support of Plaintiff's Motion for Summary Judgment, ECF 35-2, filed on November 26, 2018.  The citation to the Texas Judgment is *Bat World Sanctuary v. Cummins,* No. 352-248169-10, 2012 WL 4050469 (District Court of Texas, 352nd Judicial District, Tarrant County, judgment entered on August 27, 2012), *affirmed in part and reversed in part sub nom., Cummins v. Bat World Sanctuary,* No. 02-12-00285-CV, 2015 WL 1641144, 2015 Tex. App. LEXIS 3472 (Texas Court of Appeals, Fort Worth, memorandum opinion delivered on April 9, 2015).

Defendant asserts that the Texas Judgment does not meet the willfulness standard of 11 U.S.C. § 523(a)(6) and is not resulting from malice because the judgment does not contain the words "defamation," "defamatory" or "malice."  Defendant's Motion, ECF 91 at 4.  It is unclear whether Defendant in conflating "willfulness" with "malice" since the operative language of the motion refers to malice only, though 11 U.S.C. § 523(a)(6) requires proof of willful and malicious injury.  Nevertheless, the evidence indicates the debt from the judgment from the Texas courts in favor of Plaintiff's assignor, Lollar, including the

trial court's judgment of August 27, 2012, meets the federal standard of willful and

malicious injury under 11 U.S.C. § 523(a)(6) based on the uncontroverted facts set forth in

the court's order granting in part and denying in part Plaintiff's motion for partial summary

judgment on the fourth cause of action, denying partial summary judgment and granting

summary adjudication of certain facts, filed and entered on May 24, 2019.  See ECF 82.

Summarily Adjudicated Uncontroverted Facts 1-30, determined by the court in its order of

May 24, 2019, establish that the debt owed by Defendant from Plaintiff's assigned

judgment of the Texas courts arose from willful and malicious injury.  Defendant's argument

that she is entitled to summary judgment on grounds that Plaintiff's assigned judgment

does not meet the level of malice of the California courts is erroneous because the original

judgment was based on Texas law as decided by the Texas courts, and the sister state

judgment from California was based on the Texas Judgment, which the California courts

were required to give full faith and credit.  This court looks to the law under which the

judgment was rendered, which was Texas law, to determine whether or not it met the

federal standard of nondischargeability of debt.

## B.    FULL FAITH AND CREDIT

This court must give full faith and credit to the Texas Judgment.  Under the federal

full faith and credit statute, 28 U.S.C. § 1738, federal courts must give state court

judgments the same preclusive effect that those judgments would receive from another

court of the same state. *Far Out Productions, Inc. v. Oskar*, 247 F.3d 986, 993 (9th Cir.

2001) (citations omitted). The state where the judgment was rendered determines any

preclusive effect of the judgment entered in this case.  *Gayden v. Nourbakhsh* (*In re

Nourbakhsh*), 67 F.3d. 798, 800 (9th Cir. 1995).  The bankruptcy court has an obligation to

accord "full faith and credit" to state judicial proceedings. 28 U.S.C. § 1738.  Here, the

applicable state law is Texas law because the judgment was originally rendered under the law of that state.

### 1.    Collateral Estoppel Effect of Texas Judgment

Collateral estoppel principles apply in discharge exception proceedings pursuant to 11 U.S.C. § 523(a).  *Grogan v. Garner*, 498 U.S. at 284 n. 11.  The full faith and credit requirement of 28 U.S.C. § 1738 compels the bankruptcy court to give collateral estoppel effect to a prior state court judgment in a nondischargeability proceeding.  *In re Nourbakhsh*, 67 F.3d at 801.  Courts look to state law regarding collateral estoppel.  *Id*. at 800.  Federal courts refer to the preclusion law of the state in which the judgment was rendered to determine the preclusive effect of a state court judgment.  *Marrese v. American Academy of Orthopaedic Surgeons*, 470 U.S. 373, 380 (1985); *Diruzza v. City of Tehama*, 323 F.3d 1147, 1152 (9th Cir. 2003).

Any issue necessarily decided in such litigation is conclusively determined under collateral estoppel as to the parties or their privies if it is involved in a subsequent lawsuit on a different cause of action.  The parties in the Texas case were Lollar, the plaintiff in that case, and Defendant.  Plaintiff in this adversary proceeding is the valid assignee of the Texas Judgment and is therefore in privity with Lollar, the plaintiff in the Texas case. Defendant was a party in the prior case, the Texas case.

 "Strict mutuality of parties is no longer required."  *Sysco Food Services, Inc. v. Trapnell,* 890 S.W.2d 796, 801-802 (Tex. 1994) (citations omitted).  "The doctrine of collateral estoppel or issue preclusion is designed to promote judicial efficiency, protect parties from multiple lawsuits, and to prevent inconsistent judgments by precluding the relitigation of issues."  *Id*. at 801 (citation omitted). "To satisfy the requirements of due process, it is only necessary that the party *against whom* the doctrine [of collateral

estoppel] was a party or in privity with a party in the first action." *Id*. at 802 (citations

omitted; emphasis in original).

Collateral estoppel may be used "offensively" to establish a claim for relief rather

than an affirmative defense.  Klein, Ponoroff and Borrey, "Principles of Preclusion and

Estoppel in Bankruptcy Cases," 79 Am. Bankr. L.J. 839, 856-857 and n. 62 (2005).

Collateral estoppel may be used "to foreclose the defendant from litigating an issue the

defendant has previously litigated unsuccessfully in an action with another party."  *Parklane*

*Hosiery Co. v. Shore*, 439 U.S. 322, 326 n. 4 (1979).  Under Texas law, a plaintiff generally

can use offensive collateral estoppel to assert liability against a defendant who previously

litigated and lost a factual issue in a lawsuit involving another party.  *Yarbrough's Dirt Pit,*

*Inc. v. Turner,* 65 S.W.3d 210, 216 (Tex. App. 2001).  However, the Texas courts must use

the fairness factors outlined in *Parklane Hosiery Co. v. Shore,* that is, first, whether the

offensive use of collateral estoppel does not serve judicial economy in the same manner as

does defensive use because its use tends to increase rather than decrease the total

amount of litigation, and second, whether the offensive use of collateral estoppel is unfair

under the circumstances of a particular case.  *Id., citing, Parklane Hosiery Co. v. Shore,*

439 U.S. at 329-330 and *Scurlock Oil Co. v. Smithwick,* 724 S.W.2d 1, 7 (Tex. 1986).  The

offensive use of collateral estoppel here promotes judicial economy because Plaintiff is

simply the assignee of Lollar, the plaintiff in the prior case, and there is no issue of Plaintiff

participating in the prior case which might have raised the issue of multiplicity of suits.  *Id.;*

*accord, Gibson v. Credit Suisse AG,* No. 1:10-CV-00001-JLQ, 2016 WL 11545016 at *13-

14 (D. Idaho 2016).  The offensive use of collateral estoppel would not be unfair here

considering the factors of the defendant's incentive in the first action to vigorously defend

the suit, the foreseeability of future suits and the availability of procedural safeguards that

were not available in the first suit.  *Goldstein v. Commission for Lawyer Discipline,* 109

S.W.3d 810, 813 (2003), *citing, Parklane Hosiery Co. v. Shore,* 439 U.S. at 330; *Gibson v. Credit Suisse AG,* No. 1:10-CV-00001-JLQ, 2016 WL 11545016 at *14.  It is not unfair to apply offensive collateral estoppel because Defendant had sufficient incentive in the first action, the Texas case, to vigorously defend that lawsuit, which she did as shown by the evidentiary record of that litigation demonstrating that she actively participated in the trial in that case and took an appeal of the judgment from that case.  Here, it was not foreseeable that there would be future suits as the second action in this adversary proceeding is in effect an extension of the first suit involving parties in privity, namely, Plaintiff as assignee of Lollar, and not other parties not involved in the first action. There is also no issue concerning the unavailability of procedural safeguards in the first action since Defendant was accorded due process in that suit being able to fully try Lollar's claims and her defenses in the first action and to pursue her appellate remedies after judgment was rendered.  Based on these considerations, the court determines that use of offensive collateral estoppel under Texas law is appropriate here.

Under Texas law, for collateral estoppel to apply, Plaintiff must show that: "(1) the facts sought to be litigated in the second action were fully and fairly litigated in the first action; (2) those facts were essential to the judgment in the first action; and (3) the parties were cast as adversaries in the first action." *Sysco Food Services, Inc. v. Trapnell*, 890 S.W.2d at 801 (citations and footnote omitted).

**A.      The Facts Were Fully and Fairly Litigated in the Texas State Court**

"To determine whether facts were fully and fairly litigated in the first suit, we consider '(1) whether the parties were fully heard, (2) that the court supported its decision with a reasoned opinion, and (3) that the decision was subject to appeal or was in fact reviewed on appeal.'" *BP Automotive LP v. RML Waxahachie Dodge, LLC,* 517 S.W.3d 186, 200 (Tex. App. 2017)(quoting *Mower v. Boyer*, 811 S.W.2d 560, 562 (Tex. 1991)).  Here, the

facts were fully and fairly litigated in the first action as there was a trial in the Texas District

Court in which the parties, Defendant and Lollar, Plaintiff's assignor, appeared and fully

participated, and thus, were fully heard.  After the trial, the Texas trial court rendered a

judgment in favor of Lollar on her defamation claim and supported its decision with a

reasoned decision in its oral ruling.  *Bat World Sanctuary v. Cummins,* No. 352-248169-10,

2012 WL 4050469 (District Court of Texas, 352nd Judicial District, Tarrant County, judgment

entered on August 27, 2012), attached as Exhibit 3 to Declaration of Philip H. Stillman in

Support of Plaintiff's Motion for Summary Judgment, ECF 35-2, filed on November 26,

2018; Excerpt of Trial on Merits, *Bat World Sanctuary v. Cummins,* No. 352-248169-10

(District Court of Texas, 352nd Judicial District, Tarrant County, June 14, 2012), attached as

Exhibit 2 to Declaration of Philip H. Stillman in Support of Plaintiff's Motion for Summary

Judgment, ECF 35-2, filed on November 26, 2018; *see also,* Plaintiffs' Second Amended

Petition, *Bat World Sanctuary v. Cummins,* No. 352-248169-10 (District Court of Texas,

352nd Judicial District, Tarrant County, October 4, 2011), attached as Exhibit 1 to

Declaration of Philip H. Stillman in Support of Plaintiff's Motion for Summary Judgment,

ECF 35-2, filed on November 26, 2018.

The Texas trial court stated in support of its judgment, "I think the plaintiff has clearly

proven that a defamation in this case was *egregious as well as malicious as well as

intentional*."  Excerpt of Trial on Merits at 4:8-11, *Bat World Sanctuary v. Cummins,* No.

352-248169-10 (District Court of Texas, 352nd Judicial District, Tarrant County, June 14,

2012) (emphasis added), attached as Exhibit 2 to Declaration of Philip H. Stillman in

Support of Plaintiff's Motion for Summary Judgment, ECF 35-2, filed on November 26,

2018.  The Texas Court of Appeals in fact reviewed the trial court's judgment, and adopted

and affirmed the trial court's judgment regarding defamation and exemplary damages in

favor of Lollar, with a detailed and reasoned opinion of its own, reviewing the extensive

evidence in the record before the trial court.  *Cummins v. Bat World Sanctuary,* No. 02-12-

00285-CV, 2015 WL 1641144, 2015 Tex. App. LEXIS 3472 (Texas Court of Appeals, Fort

Worth, memorandum opinion delivered on April 9, 2015), attached as Exhibit 4 to

Declaration of Philip H. Stillman in Support of Plaintiff's Motion for Summary Judgment,

ECF 35-2, filed on November 26, 2018.

Defendant argues that she is entitled to summary judgment because the Texas

Judgment itself does not contain the words "defame," "defamatory," "libel," "malice," or

"malicious."  Defendant's Motion, ECF 91 at 3.  The uncontroverted evidence of the record

of the prior litigation in the Texas case refutes Defendant's argument because the Texas

trial court was rendering a judgment on the Second Amended Petition of Lollar and her

organization, Bat World Sanctuary, in their favor on their claims of defamation and libel and

demand for exemplary damages requiring a finding of malice, including awards of $3 million

in actual damages and $3 million in exemplary damages.  As stated in the judgment, the

trial court had orally stated at trial that Lollar had proven defamation that was egregious,

malicious and intentional, and the Texas Court of Appeals in affirming the trial court's

judgment explicitly referred to its upholding Lollar's claims of defamation and libel and for

exemplary damages, specifically holding that the evidence supported the claims of

defamation and exemplary damages based on malice.

Based on the foregoing, the court determines that the first element of collateral

estoppel under Texas law, whether facts were fully and fairly litigated in the first suit, is

satisfied.

**B.      Defendant was Cast as an Adversary in the First Action**

For parties to be cast as adversaries to establish the third element of collateral

estoppel under Texas law, it is only necessary that the party against whom the doctrine is

asserted was a party or in privity with a party in the first action.  *Sysco Food Services, Inc.*

*v. Trapnell,* 890 S.W.2d at 801-802 (citations omitted).  The parties involved in the Texas

case were Defendant, Bat World Sanctuary and Lollar.  The parties involved in the current

litigation are Defendant and Plaintiff[1] , the assignee of the Texas Judgment from Lollar.

Defendant is the party against whom the doctrine of collateral estoppel is asserted.

Accordingly, the third element of collateral estoppel that Defendant was cast as an

adversary in the first action is met.

### C.    The Facts were Essential to the Texas Trial Court's Decision

The Texas trial court and the Texas appellate court held that Defendant's acts were

intended to cause injury.  The facts to be litigated in the second action under 11 U.S.C. §

523(a)(6) were essential to the defamation judgment in the first action.  *Sysco Food*

*Services, Inc. v. Trapnell*, 890 S.W.2d at 801 (citations omitted).  "[C]ollateral estoppel bars

the relitigation of adjudicated essential facts (issue preclusion)." *Welch v. Hrabar,* 110

S.W.3d 601, 607 (Tex. App. 2003).  Based on the trial and appellate courts' findings under

Texas law, the key facts regarding willful and malicious injury were essential to the Texas

Judgment.

### 1.  Elements of defamation under Texas law.

In applying collateral estoppel, this court must look at the elements of defamation

and exemplary damages under Texas law, as the Judgment stems from a Texas state

court's determination of a claim under Texas state law.

The operative pleading before the Texas court was Plaintiffs' Second Amended

Petition (attached as Exhibit 1 to the Declaration of Philip Stillman in Support of Plaintiff's

---

[1] Plaintiff as assignee can step into the shoes of Lollar.  *In re Boyajian,* 564 F.3d 1088, 1091-1093 (9th Cir. 2009) (recipient of assignment of original judgment can stand in the shoes of its assignor and pursue a non-dischargebility action under 11 U.S.C. 523(a)(2)(B)); *State Bar of California v. Tooks*, (*In re Tooks)*, 76 B.R. 162, 164 (Bankr. S.D. Cal. 1987) (the partial assignment of a non-dischargeable claim under 11 U.S.C. § 523(a)(4) and § 523(a)(6) does not affect the dischargeability of the claim); *See Ota v. Samsung Electronics Co., Ltd.* (*In re Ota*), 192 B.R. 545, 549 (9th Cir. BAP 1996) (absent improper purpose or motive, assignee qualifies as "creditor" of debtor, with standing to object to debtor's discharge).

Motion, ECF 35), which alleged a claim for defamation and libel under Section 73.001 of

Texas Civil Practice and Remedies Code.  This statute provides:

> A libel is a defamation expressed in written or other graphic form that . . . tends to injure a living person's reputation and thereby expose the person to public hatred, contempt or ridicule, or financial injury or to impeach any person's honesty, integrity, virtue, or reputation or to public the natural defects of anyone and thereby expose the person to public hatred, ridicule, or financial injury.

Texas Civil Practice and Remedies Code § 73.001.

Under Texas law, the elements of a defamation action "include (1) the publication of

a false statement of fact to a third party, (2) that was defamatory concerning the plaintiff, (3)

with the requisite degree of fault, and (4) damages." *In re Lipsky,* 460 S.W.2d 579, 593

(Tex. 2015) (citations omitted).  "The status of the person allegedly defamed determines

the requisite degree of fault.  A private individual need only prove negligence, whereas a

public figure or official must prove actual malice." *Id.*

The Texas courts determined that the evidence at trial demonstrated that Defendant

published statements that were defamatory concerning Lollar.  As observed by the Texas

Court of Appeals reviewing the evidentiary record, "The trial court admitted into evidence

an exhibit consisting of hard copies of postings about Lollar on Cummins's Facebook,

Twitter, and YouTube accounts, as well as pages discussing Lollar posted on Cummins's

Animal Advocates website.  This exhibit is nearly 100 pages long, and the statements

complained of were primarily from these pages." *Cummins v. Bat World Sanctuary*, 2015

WL 1641144 at *11, 2015 Tex. App. LEXIS 3472, *32–33.  The Texas Court of Appeals

also determined that the evidence supported the trial court's defamation judgment because

there were multiple false allegations of animal cruelty by Defendant against Lollar.  *Id.,*

2015 WL 1641144 at *12–18,  2015 Tex. App. LEXIS 3472 at *34–54.  The Texas Court of

Appeals determined that the evidence supported the trial court's defamation judgment

because Defendant made false statements alleging that Lollar committed fraud.  *Id.*, 2015

WL 1641144 at *18-19, 2015 Tex. App. LEXIS 3472 at *55–58.  Additionally, the Texas

Court of Appeals determined that the evidence supported the trial court's defamation

judgment because Defendant falsely alleged that Lollar violated the law, rules, standards or

regulations.  *Id.*, 2015 WL 1641144 at *19–22, 2015 Tex. App. LEXIS 3472 at *58–69.

Under Texas law, a plaintiff is entitled to exemplary damages in a defamation case

upon a showing of "actual malice" by clear and convincing evidence. *Hancock v. Variyam*,

400 S.W.3d 59, 66 (Tex. 2013) ("recovery of exemplary damages are appropriately within

the guarantees of the First Amendment if the plaintiff proves by clear and convincing

evidence that the defendant published the defamatory statement with actual malice.").

"Malice" sufficient to establish exemplary damages in a defamation action requires proof of

"a specific intent by the defendant to cause substantial injury or harm to the claimant."

*Cummins v. Bat World Sanctuary*, 2015 WL 1641144 at *23, 2015 Tex. App. LEXIS 3472 at

*69–70 (citing Texas Civil Practice & Remedies Code § 41.001(7)).

The Texas Court of Appeals determined that the trial court's defamation judgment

was supported by clear and convincing evidence of actual malice.  *Cummins v. Bat World

Sanctuary*, 2015 WL 1641144 at *23–24, 2015 Tex. App. LEXIS 3472, at *73–74.  Under

Texas Civil Practice & Remedies Code § 41.001(7), malice means "a specific intent by the

defendant to cause substantial injury or harm to the claimant."  Texas Civil Practice &

Remedies Code § 41.001(7).  "Specific intent means that the actor desires to cause the

consequences of his act or that he believes the consequences are substantially certain to

result from it."  *Tri-County Electric Cooperative, Inc. v. GTE Southwest Incorporated,* 490

S.W.3d 530, 556 (Tex. App. 2016)(citing *Reed Tool Co. v. Copelin*, 689 S.W.2d 404, 406

(Tex. 1985)).  "Malice may be proven by direct or circumstantial evidence."  *Id*. at 556–557

(citation omitted).  The findings of the Texas courts that Defendant had actual malice

demonstrated that Defendant had a specific intent to cause substantial injury or harm to Lollar, Plaintiff's assignor.

In the Texas Judgment, the Texas trial court awarded Lollar $3,000,000 in exemplary damages.  Paragraph 17 of the Second Amended Petition alleged that Lollar claimed exemplary damages for defamation and libel *with malice*, under Texas Civil Practice and Remedies Code § 41.003 (emphasis added).  Malice is required for an award of exemplary damages in a libel action.  *Leyendecker & Associates, Inc., v. Wechter*, 683 S.W.2d 369, 375 (Tex. 1984) (citation omitted).  Even if the defamation was negligent, exemplary damages would require a showing of actual malice.  *See Mitre v. Brooks Fashion Stores, Inc*., 840 S.W.2d 612, 623-624 (Tex. App. 1992), (abrogated on other grounds by *Cain v. Hearst Crop*., 878 S.W.2d 577 (Tex. 1994)).  In this case, as recognized by the Texas Court of Appeals in its memorandum decision, the award of exemplary damages by the Texas trial court in favor of Lollar and against Defendant indicated that Lollar had proven that Defendant acted with actual malice.  *Cummins v. Bat World Sanctuary*, 2015 WL 1641144 at *23–25, 2015 Tex. App. LEXIS 3472 at *73–76

Because Defendant was found liable in the Texas case for defaming Lollar with actual malice by clear and convincing evidence under Texas law, she is collaterally estopped from challenging the defamation and exemplary damages determinations in the Texas case in this bankruptcy court on the substantive standard under 11 U.S.C. § 523(a)(6) with a lower preponderance of the evidence standard.  *Grogan v. Garner*, 498 U.S. at 290–291.

## 2.    Standard Under 11 U.S.C. § 523(a)(6)

Plaintiff claims that the debts owed by Defendant to him are nondischargeable pursuant to 11 U.S.C. § 523(a)(6), which provides that debts incurred as the result of willful and malicious injury are not dischargeable. 11 U.S.C. § 523(a)(6).  "The Supreme Court in

*Kawaauhau v. Geiger* (*In re Geiger*), 523 U.S. 57, 118 S.Ct. 974, 140 L. Ed. 2d 90 (1998), made clear that for section 523(a)(6) to apply, the actor must intend the consequences of the act, not simply the act itself." *Ormsby v. First American Title Co. of Nevada* (*In re Ormsby*), 591 F. 3d 1199, 1206 (9th Cir. 2010). Both willfulness and maliciousness must be proven to prevent discharge of the debt. *Id.* But, reckless or negligent acts are not sufficient to establish that a resulting injury falls within the category of willful and malicious injuries under § 523(a)(6). *Kawaauhau v. Geiger*, 523 U.S. at 64.

### a. Willful Injury

Willfulness means intent to cause injury. *Kawaauhau v. Geiger,* 523 U.S. at 61. "The injury must be deliberate or intentional, 'not merely a deliberate or intentional act that leads to injury.'" *In re Plyam*, 530 B.R. 456, 463 (9th Cir. BAP 2015) (quoting *Kawaauhau v. Geiger*, 523 U.S. at 61) (emphasis in original). The court may consider circumstantial evidence that may establish what the debtor actually knew when conducting the injury creating action and not just what the debtor admitted to knowing. *In re Ormsby,* 591 F. 3d at 1206 (citation omitted). Recklessly inflicted injuries, covering injuries from all degrees of recklessness, do not meet the willfulness requirement of § 523(a)(6). *In re Plyam,* 530 B.R. at 464. Reckless conduct requires an intent to act instead of an intent to cause injury. *Id.* Therefore, the willful injury requirement "… is met only when the debtor has a subjective motive to inflict injury or when the debtor believes that injury is substantially certain to result from his own conduct." *Carillo v. Su* (*In re Su*), 290 F.3d 1140, 1142 (9th Cir. 2002) (citation omitted).

As discussed above, the Texas trial court stated in support of its judgment, "I think the plaintiff has clearly proven that a defamation in this case was *egregious as well as malicious as well as intentional*." Excerpt of Trial on Merits at 4:8-11, *Bat World Sanctuary v. Cummins,* No. 352-248169-10 (District Court of Texas, 352nd Judicial District, Tarrant

County, June 14, 2012) (emphasis added), attached as Exhibit 2 to Declaration of Philip H. Stillman in Support of Plaintiff's Motion for Summary Judgment, ECF 35-2, filed on November 26, 2018.  The Texas Court of Appeals held that: "The comments she [Defendant] made about Lollar leave no doubt that she had a specific intent to cause substantial injury or harm to Lollar."  *Cummins v. Bat World Sanctuary*, 2015 WL 1641144 at *24, 2015 Tex. App. LEXIS 3472 at *73.  Since the Texas courts found there was "specific intent to cause substantial injury or harm to Lollar," the willful injury element of 11 U.S.C. § 523(a)(6) is met.

### b.    Malicious Injury

The "malicious" injury requirement under 11 U.S.C. § 523(a)(6) is separate from the "willful" requirement, and both must be present for a claim under § 523(a)(6).  *In re Su,* 290 F.3d at 1146.  A malicious injury is one that involves; "(1) a wrongful act, (2) done intentionally, (3) which necessarily causes injury, and (4) is done without just cause or excuse." *Petralia v. Jercich* (*In re Jercich*), 238 F.3d 1202, 1209 (9th Cir. 2001). In *In re Jercich*, the Ninth Circuit held that the debtor's withholding of wages to his employee, despite his ability to pay the employee, and use of the wage money for his own personal benefit without any just cause or excuse for withholding the wages, was substantially certain to cause injury to the employee and therefore met the requirement of malicious injury for a claim under 11 U.S.C. § 523(a)(6). *Id.*  "Malice may be inferred based on the nature of the wrongful act," but to make such an inference, willfulness must be established first.  *In re Ormsby*, 591 F.3d 1199 at 1207.  When analyzing the plain meaning of "malice," "it is the wrongful act that must be committed intentionally rather than the injury itself."  *Jett v. Sicroff (In re Sicroff),* 401 F.3d 1101, 1106 (9th Cir. 2005)(citations omitted).

As noted above, the Texas trial court stated in support of its judgment, "I think the plaintiff has clearly proven that a defamation in this case was *egregious as well as*

*malicious as well as intentional*."  Excerpt of Trial on Merits at 4:8-11, *Bat World Sanctuary v. Cummins,* No. 352-248169-10 (District Court of Texas, 352nd Judicial District, Tarrant County, June 14, 2012) (emphasis added), attached as Exhibit 2 to Declaration of Philip H. Stillman in Support of Plaintiff's Motion for Summary Judgment, ECF 35-2, filed on November 26, 2018.  In affirming the trial court's judgment, the Texas Court of Appeals stated, "The evidence supports a conclusion that Cummins engaged in a persistent, calculated attack on Lollar with the intention to ruin both Lollar's life's work and her credibility and standing in the animal rehabilitation community."  *Cummins v. Bat World Sanctuary*, 2015 WL 1641144 at *24, 2015 Tex. App. LEXIS 3472 at *72-73.  "Clear and convincing evidence also supports a finding that Cummins published statements on the internet with actual malice."  *Id.*, 2015 WL 1641144 at *24, 2015 Tex. App. LEXIS 3472 at *73.   The Texas Court of Appeals further determined that the "testimony supports the trial court's determination that Cummins published fabricated statements about Lollar's care of her dogs, and, thus, that the statements were made with actual malice." *Id.*, 2015 WL 1641144 at *24, 2015 Tex. App. LEXIS 3472 at *74.  Also, the Texas Court of  Appeals further determined that "the record supports a finding of malice–both of the malice required for an award of exemplary damages under Texas law and of actual malice as required for an award of exemplary damages in a defamation action."  2015 WL 1641144 at *25, 2015 Tex. App. LEXIS 3472 at *75.

In *Sicroff*, the Ninth Circuit held that libelous statements meet at least the first three elements of a nondischargeable debt under 11 U.S.C. § 523(a)(6):

> Because we are persuaded that at least some of Sicroff's statements were libelous, we also conclude that the first two criteria of "malicious injury" are met. A libelous act, by its nature, is self-evidently wrongful and is committed by an intentional act of publication—in this case, by Sicroff's dissemination of his letter. The third criterion—that the action necessarily cause injury—is also met because Sicroff's statements were directed at Jett's professional reputation and, therefore, will necessarily harm him in his occupation.

*In re Sicroff,* 401 F.3d at 1106.

In this case, the first three criteria of malicious injury under 11 U.S.C. § 523(a)(6), a wrongful act, intent and necessarily caused injury are met.  As found by the Texas courts, Defendant's publication of false statements regarding Lollar was a wrongful act (defamation).  "A libelous act, by its nature, is self-evidently wrongful and is committed by an intentional act of publication . . ."  *In re Sicroff*, 401 F.3d at 1106.  As also found by the Texas courts, Defendant's acts were done intentionally and necessarily caused injury to Lollar as the Texas courts made and upheld an award to Lollar of $3,000,000 in actual damages.

The "just cause and excuse" element of malicious injury presents a mixed question of law and fact.  *In re Sicroff,* 401 F.3d at 1106.  In discussing this element, the Ninth Circuit in *Sicroff* referred to its prior decision in *In re Bammer* when it reversed the Bankruptcy Appellate Panel, which had previously considered "just cause and excuse" in the context of intentional fraud by a debtor to be shown as an act "out of compassion" for his mother and no benefit to debtor.  The Ninth Circuit stated in disapproving of the decision of the Bankruptcy Appellate Panel that "[w]e can think of no reason consistent with section 523 . . . to permit a standardless, unmeasurable, emotional, and nonlegal concept such as compassion to negate an identifiably and *legally* wrongful act.  *Id*. (emphasis in original) (quoting *In re Bammer*, 131 F.3d at 793).  The Ninth Circuit  concluded in *Sicroff* that the debtor's ultimate goal of protesting did not provide just cause or excuse to calumniate a professional reputation.  *Id*. at 1107.  Like in *In re Sicroff*, Defendant's protest of Lollar's activities did not provide a "just cause and excuse" to ruin Lollar's professional reputation.  Defendant's potential connection to a larger purpose of attempting to protect animals was not "just cause and excuse" for her acts of defamation of Lollar, and as a result, Defendant's acts were malicious.  *In re Sicroff,* 131 F.3d at 1107.  The injury to

Lollar, Plaintiff's assignor, was a direct result of Defendant's actions, and there was no

justification for Defendant's wrongful acts.  Plaintiff met the "just cause and excuse"

element of malicious injury in this case based on the Texas Judgment.

In *Hagele v. Burch* (*In re Hagele)*, 2016 WL 3965899 at *6 (9th Cir. BAP 2016), the

Bankruptcy Appellate Panel of the Ninth Circuit concluded that there is no per se rule that

there could never be just cause or excuse for defamation.  Although Plaintiff has the burden

of proving by a preponderance of the evidence that the debt owed by Defendant to Lollar,

Plaintiff's assignor, arose from willful and malicious conduct, just cause is an affirmative

defense available to Defendant.  *Id*.  "[D]ebtor carries the burden of going forward on the

final element of malice which may be satisfied by the debtor affirmatively asserting 'cause

or excuse.'"  *Id*.  The debtor's failure "to put forth the necessary evidence of just cause or

excuse makes determination of the summary judgment motion against [her] proper."  *Id*. at

*7.  Defendant in her motion for summary judgment does not argue or offer evidence of just

cause or excuse as an affirmative defense, though she did argue that she was justified in

making the defamatory statements in opposition to Plaintiff's prior motion for summary

judgment.  Defendant's Reply to Plaintiff's Statement of Uncontroverted Facts and

Conclusions of Law in Support of Plaintiff's Summary Judgment Motion, ECF 50, filed on

February 11, 2019.  In disputing Plaintiff's Proposed Uncontroverted Facts 11, 12, 15, 17,

18 and 20, Defendant asserted an animal protection motive for her defamatory statements,

but did not offer any probative and admissible evidence in support of her assertions, only

her uncorroborated and conclusory opinions.  *Id*.  In summarily adjudicating certain

uncontroverted facts asserted by Plaintiff in his statement of uncontroverted facts and

conclusions of law in support of his motion for summary judgment, the court rejected

Defendant's assertions regarding her motives, which were not supported by evidence.  May

24, 2019 Order, ECF 82 (Facts 1-30).

Based on the foregoing, the lack of "just cause and excuse" element of malicious injury in this case based on the Texas Judgment is satisfied, and Plaintiff has shown that the debt arose from malicious injury of Lollar by Defendant.

### c. The Elements of Willful and Malicious Injury are Met and Partial Summary Judgment is Granted in Favor of Plaintiff on the 11 U.S.C. § 523(a)(6) Fourth Cause of Action

The Texas trial court in awarding, and the Texas Court of Appeals in affirming, the actual and exemplary damages for defamation in the Texas Judgment, held that (1) the Debtor defamed Amanda Lollar, (2) clear and convincing evidence established that the libelous statements were made by Defendant with actual malice, (3) "the statements were designed to ruin Lollar's professional and personal reputation locally and nationally" and (4) Defendant "had a specific intent to cause substantial injury or harm to Lollar." *Cummins v. Bat World Sanctuary*, 2015 WL 1641144 at *23–24, 2015 Tex. App. LEXIS 3472 at * 69–70.

As set forth above, a willful injury in § 523(a)(6) requires a "deliberate or intentional injury, not merely a deliberate or intentional act that leads to injury." *Kawaauhau v. Geiger*, 523 U.S. at 61.  Defendant's conduct in defaming Lollar, Plaintiff's assignor, *with actual malice* was sufficient to support an award of exemplary damages under Texas law as reflected in the judgment of the Texas case.  Defamation constituted an intentional tort under Texas law that supports (a) a determination of willfulness because the judgment was based on the findings in the Texas Judgment that Defendant knowingly and intentionally defamed Lollar, Plaintiff's assignor, and (2) a determination of malice because the judgment for defamation awarded exemplary damages, requiring that Lollar, Plaintiff's assignor, prove her case by clear and convincing evidence.  Thus, Defendant committed a wrongful act, done intentionally and which caused injury to Lollar, Plaintiff's assignor,

without just cause or excuse under 11 U.S.C. § 523(a)(6).  *In re Sicroff*, 401 F.3d 1101, 1106 (9th Cir. 2005).

As stated earlier, Plaintiff as the proponent of the application of collateral estoppel under Texas law must show that: "(1) the facts sought to be litigated in the second action were fully and fairly litigated in the first action; (2) those facts were essential to the judgment in the first action; and (3) the parties were cast as adversaries in the first action." *Sysco Food Services, Inc. v. Trapnell*, 890 S.W.2d at 801 (citations omitted).  Here, the issues of defamation and exemplary damages were actually litigated and determined by the Texas courts, resulting in a valid and final judgment, Defendant had a full and fair opportunity to litigate the issues of defamation and exemplary damages before the Texas trial and appellate courts because Defendant appeared and participated in the trial and in the appeal before the Texas courts, and Defendant in this case was a party in the prior action, the Texas case, and was bound by the judgment in that case.   Plaintiffs' Second Amended Petition and Judgment, *Bat World Sanctuary v. Cummins,* No. 352-248169-10 (District Court of Texas, 352nd Judicial District, Tarrant County, October 4, 2011), attached as Exhibits 1 and 3 to Declaration of Philip H. Stillman in Support of Plaintiff's Motion for Summary Judgment, ECF 35-2, filed on November 26, 2018; *Cummins v. Bat World Sanctuary,* No. 02-12-00285-CV, 2015 WL 1641144, 2015 Tex. App. LEXIS 3472 (Texas Court of Appeals, Fort Worth, memorandum opinion delivered on April 9, 2015).

These facts demonstrate the elements of willful and malicious injury for purposes of debt dischargeability under 11 U.S.C. § 523(a)(6).  As to willfulness, Defendant had a subjective intent to cause harm or knowledge that harm was substantially certain to occur as a result of her conduct, *In re Jercich*, 238 F.3d at 1208, and as to malice, she committed (1) a wrongful act; (2) done intentionally; (3) which necessarily causes injury; and (4) was done without just cause and excuse.  *In re Sicroff*, 401 F.3d at 1106.  The Summarily

Adjudicated Uncontroverted Facts determined by the court established the willfulness

requirement of 11 U.S.C. § 523(a)(6) because the Texas courts found that Defendant had

intentionally defamed Lollar, Plaintiff's assignor.  Moreover, the Summarily Adjudicated

Uncontroverted Facts determined by the court established the malice requirement of 11

U.S.C. § 523(a)(6) in that the Texas courts had held that Defendant had intentionally,

egregiously and maliciously defamed Lollar, indicating a wrongful act by Defendant against

Lollar done intentionally and necessarily causing Lollar injury without just cause or excuse.

Thus, Defendant has not met her initial burden of production as to willful and

malicious injury because she has not produced evidence negating willful and malicious

injury, which are essential elements of the nonmoving Plaintiff's claim under 11 U.S.C.

§523(a)(6), or shown that Plaintiff as the nonmoving party does not have enough evidence

of an essential element to carry its ultimate burden of persuasion at trial to prove willful and

malicious injury.

Moreover, "if there are no factual issues and the opposing party is entitled to

judgment as a matter of law, *and the moving party had notice* and an adequate opportunity

to address the issues, summary judgment may be granted forthwith." Phillips and

Stevenson, Rutter Group Practice Guide: Federal Civil Procedure Before Trial, California

and Ninth Circuit Edition, ¶ 14:329 (emphasis in original), *citing inter alia,* Federal Rule of

Civil Procedure 56(f) and *Gospel Missions of America v. City of Los Angeles,* 328 F.3d 548,

553 (9th Cir. 2003).  Here, at the hearing on Defendant's Motion on December 17, 2019, the

court notified the parties that Plaintiff could submit a proposed statement of uncontroverted

facts and conclusions of law in support of its position to grant summary judgment to him as

the nonmoving party and that Defendant could file objections in response to such proposed

statement of uncontroverted facts and conclusions of law submitted by Plaintiff.  Plaintiff

filed a notice of lodgment of his proposed statement of uncontroverted facts and

conclusions of law, ECF 113, on December 27, 2019, and Defendant filed her brief and

declaration in opposition thereto, ECF 114 and 115, on January 8, 2020, which indicates

that Defendant had notice and an adequate opportunity to address the issues on her

motion, including the possibility of summary judgment for Plaintiff, the nonmoving party.

Accordingly, for the foregoing reasons, the court determines that partial summary

judgment should be granted in favor of Plaintiff and against Defendant on Plaintiff's fourth

cause of action in his adversary complaint pursuant to 11 U.S.C. § 523(a)(6) based on the

collateral estoppel effect of the judgment in the Texas case, which demonstrates that there

are no genuine issues of material fact and that Plaintiff is entitled to judgment as a matter of

law.

C.      PLAINTIFF HAS STANDING TO ASSERT CLAIMS

As to Defendant's second assertion, that Plaintiff lacks legal standing to assert the

claims in this case, Plaintiff has the burden of proof or persuasion at trial that he has

standing to sue on his claims.  In support of her argument, Defendant made the following

assertions: (1) that Plaintiff's trust agreement is not valid, (2) that the trust agreement is a

forgery, (3) that there is no evidence that the judgment is part of the trust and (4) that

Plaintiff is a strawman who does not exist.  The evidence in support of these assertions of

Defendant consists of her declaration stating that "Everything in my DEFENDANT'S

MOTION FOR SUMMARY JUDGMENT was written by me and is the truth to the best of my

knowledge" and a copy of the transcript of the hearing in this case on May 29, 2019.

Defendant has not met her initial burden of production as to Plaintiff's alleged lack of

standing because she has not produced evidence negating his lack of standing, which is an

essential element of the nonmoving Plaintiff's claims, or shown that Plaintiff as the

nonmoving party does not have enough evidence of an essential element of standing to

carry his ultimate burden of persuasion at trial to prove his claims.  As discussed herein,

Plaintiff has offered sufficient and uncontroverted evidence of his standing to sue because

on the assignment of the judgment of the Texas Courts from Amanda Lollar, the original

plaintiff, to him as trustee of the trust.  Defendant has not offered competent and admissible

evidence to rebut Plaintiff's evidentiary showing of standing.

## D.    UNCLEAN HANDS

As to Defendant's third assertion, that Plaintiff is barred by maintaining his claims

against her based on the doctrine of unclean hands, Defendant has the burden of proof or

persuasion at trial on this affirmative defense.  In her motion, Defendant moves for

summary judgment on grounds that the adversary proceeding should be dismissed

because Plaintiff has unclean hands.  Defendant's Motion, ECF 91 at 8–9.  In support of

her contention, Defendant makes a number of assertions purportedly showing that Plaintiff

has unclean hands, including: (1) Plaintiff falsely stated to the court by his attorney that

Amanda Lollar and Bat World Sanctuary currently have nothing to do with the judgment; (2)

Plaintiff is really Amanda Lollar who used "strawman" Konstanti Khiondi to intentionally

make it impossible to do any discovery; (3) Plaintiff's attorney stated at the hearing in the

case on May 29, 2019 that Defendant requested a bank not to produce certain bank

statements; (4) Plaintiff failed to produce to Defendant a copy of Plaintiff's trust agreement

within 30 days of the hearing on May 24, 2019 as ordered by the court, and Plaintiff only

produced this document to Defendant on July 24, 2019, 30 days late; (5) Plaintiff falsely

stated in the original adversary complaint that Defendant transferred or concealed assets

within a year of the filing of the bankruptcy petition; (6) Plaintiff falsely stated in the original

adversary complaint that Defendant lives on a farm; (7) Plaintiff falsely stated that

Defendant concealed or falsified information regarding property; (8) Plaintiff falsely stated

that Defendant has a credit card; (9) Plaintiff filed a motion with a copy of Defendant's

passport without redaction in violation of the redaction rule; and (10) Plaintiff posted

Defendant's passport on the Internet.  *Id*.  Plaintiff also stated in her motion that she has asserted other instances of Plaintiff's unclean hands in her prior motion to dismiss, filed on March 5, 2019, ECF 56, and her prior amended motion to dismiss, filed on March 20, 2019, ECF 69, which she incorporates in her motion by reference, though such instances are not described in the current motion.  The evidence in support of these assertions of Defendant consists of her declaration stating "Everything in my DEFENDANT'S MOTION FOR SUMMARY JUDGMENT was written by me and is the truth to the best of my knowledge" and a copy of the transcript of the hearing in this case on May 29, 2019.

The doctrine of unclean hands derives from the equitable maxim that "he who comes into equity must come with clean hands."  *Ellenburg v. Brockway, Inc.,* 763 F.2d 1091, 1097 (9th Cir. 1985)."This maxim 'closes the doors of a court of equity to one tainted with inequitableness or bad faith relative to the matter in which he seeks relief, however improper may have been the behavior of the defendant.'"  *Id.* (quoting *Precision Instrument Manufacturing Co. v. Automotive Maintenance Machinery Co.*, 324 U.S. 806, 814, 65 S.Ct. 993, 997, 89 L.Ed. 1381 (1945)).  In applying this doctrine, "[w]hat is material is not that the plaintiff's hands are dirty, but that he dirtied them in acquiring the right he now asserts, or that the manner of dirtying renders inequitable the assertion of such rights against the defendants."  *Id.* (quoting *Republic Molding Corp. v. B.W. Photo Utilities*, 319 F.2d 347, 349 (9th Cir. 1963).  Therefore, "equity requires that those seeking its protection shall have acted fairly and without fraud or deceit as to the controversy in issue."  *Id.* (citing *Johnson v. Yellow Cab Transit Co.,* 321 U.S. 383, 387, 64 S.Ct. 622, 624, 88 L.Ed. 814 (1944) and *Keystone Driller Co. v. General Excavator Co.*, 290 U.S. 240, 245, 54 S.Ct. 146, 147, 78 L.Ed. 293 (1933)).   In *Precision Instrument Manufacturing Co. v. Automotive Maintenance Machinery Co.*, 324 U.S. 806 (1945), the Supreme Court stated:

> This maxim [that a party seeking equitable relief must come with clean hands] necessarily gives wide range to the equity court's use of discretion in refusing to aid the unclean litigant.  It is not bound by formula or restrained by any limitation that tends to trammel the free and just exercise of discretion.  Accordingly, one's misconduct needs not necessarily have been of such a nature as to be punishable as a crime or as to justify legal proceedings of any character.  Any willful act concerning the cause of action which rightfully can be said to transgress equitable standards of conduct is sufficient cause for the invocation of the maxim by the chancellor.

324 U.S. at 815 (citations omitted).  "Although 'precise similarity' between plaintiff's inequitable conduct and the plaintiff's claims is not required, the misconduct 'must be relative to the matter in which [the plaintiff] seeks relief[.]'"  *Pom Wonderful LLC v. Welch Foods, Inc.*, 737 F.Supp.2d 1105, 1110 (C.D. Cal. 2010) (quoting *Precision Instrument Manufacturing Co. v. Automotive Maintenance Machinery Co.*, 324 U.S. at 814).  The Supreme Court's decision in *Precision Instrument Manufacturing Co. v. Automotive Maintenance Machinery Co.*, holding that application of the unclean hands doctrine requires that the misconduct alleged be "relative to the matter in which [the plaintiff] seeks relief," is controlling here. 324 U.S. at 814.  The Ninth Circuit follows this interpretation, *see e.g.*, *Ellenburg v. Brockway, Inc.*, 763 F.2d 1091, 1097 (9th Cir. 1985).  "Relative to" is a broad phrase meaning "with regard to" or "in connection with."  Merriam-Webster's Online Dictionary, available at https://www.merriam-webster.com/dictionary/relative%20to (last visited February 3, 2020); *see also Wisconsin Winnebago Business Committee v. Koberstein*, 762 F.2d 613, 618 (7th Cir. 1985) (characterizing 'relative to' in a statute as "broad language").  Additionally, "relative to" is synonymous with 'related to,' a term the Supreme Court and Ninth Circuit have likewise interpreted generously.  Although the "breadth of the words 'related to' does not mean the sky is the limit," the Supreme Court has repeated that the "ordinary meaning of . . . [the] words ['related to'] is a broad one," meaning "having a connection with or reference to."  *Dan's City Used Cars, Inc. v. Pelkey*, 569 U.S. 251, 260 (2013) (alterations omitted) (internal quotation marks omitted).  The Ninth Circuit has consistently acknowledged the Supreme Court's broad definition of

"related to" or "relative to."  *Pakootas v. Teck Cominco Metals, Ltd.*, 905 F.3d 565, 585 (9th Cir. 2018) (quoting *Dan's City Used Cars, Inc.*); *California Tow Truck Association v. City & County of San Francisco*, 807 F.3d 1008, 1021 (9th Cir. 2015) (same).

In this case, it may be arguable that the conduct that Defendant alleges that Plaintiff engaged in is relative to the controversy at issue, but the court need not determine whether such conduct is relative to the controversy because the assertions of Defendant that Plaintiff or his assignor, Lollar, engaged in misconduct are unsubstantiated by competent and admissible evidence.  The only evidence in support of Defendant's assertions of Plaintiff's alleged misconduct is the conclusory statement of Defendant in her declaration that her assertions were true, and such assertions are not supported by corroborating evidence.  Thus, without providing evidence to substantiate any misconduct by Plaintiff relative to the controversy at issue, the court determines that Defendant is not entitled to summary judgment on her affirmative defense of unclean hands to Plaintiff's claims.

### E.    THE COBBS TRUST IS VALID

"As recognized in California:  'Unlike a corporation, a trust is not a legal entity. Legal title to property owned by a trust is held by the trustee….' 'A … trust … is simply a collection of assets and liabilities. As such, it has no capacity to sue or be sued, or to defend an action.'"  *Greenspan v. LADT LLC*, 191 Cal.App.4th 486, 522 (2010) (citations omitted).

The requirements for the creation of a valid trust under California law are "an intention on the part of the settlor to create a trust, the subject matter of the trust, the purpose of the trust, a beneficiary, and acceptance of the trust by the trustee."  *Newman v. Commissioner*, 222 F.2d 131, 135 (9th Cir. 1955)(citations omitted); see also, California Probate Code §§ 15200-15207; *Lefrooth v. Prentice*, 202 Cal. 215, 226 (1927) (The requirements of a voluntary trust are, as to the trustor and beneficiary, words of the trustor

indicating with a reasonable certainty his intention to create a trust, the subject, purpose, and beneficiary of the trust).  No particular language is necessary to create a trust, and the word "trust" or "trustee" need not be used. *Title Insurance & Trust Co. v. McGraw*, 72 Cal.App.2d 390, 398 (1945).  The construction and interpretation of the trust is a question of law. *Reagh v. Kelley*, 10 Cal.App.3d 1082, 1088-1089 (1970).

The Trust Agreement clearly evidences an intent to create a trust by the settlor, Mr. Khionidi; the Trust Agreement identifies the Settlor and beneficiaries; the property of the Trust is identified; the business of the Trust and the powers of the Trustee are spelled out in the trust, and the Trust Agreement is signed by the Trustor and the Trustee.  California Probate Code §§ 15200-15207; *Newman v. Commissioner,* 222 F.2d at 135.  Accordingly, there is no genuine issue of fact remaining for trial on the issue of whether or not the Cobbs Trust is a valid, revocable living trust under California law, and Defendant's Motion for Summary Judgment on this issue must be denied.  Pursuant to Federal Rule of Civil Procedure 56(f)(1), summary adjudication of this issue is granted in favor of the nonmoving party, Plaintiff, and against the moving party, Defendant, on the ground that the Cobbs Trust is a valid revocable living trust under California law.

### F.    THE VALIDITY OF THE ASSIGNMENT OF THE TEXAS AND CALIFORNIA JUDGMENTS

California Code of Civil Procedure § 681.020 prescribes the requirements for an assignee to enforce a judgment under this statutory scheme:  "An assignee of a judgment is not entitled to enforce the judgment under this title unless an acknowledgment of assignment of judgment to that assignee has been filed under Section 673 or the assignee has otherwise become an assignee of record."

California Code of Civil Procedure § 673 sets out the requirements for becoming an assignee of record. "An assignee of a right represented by a judgment may become an assignee of record by filing with the clerk of the court which entered the judgment an

acknowledgment of assignment of judgment." California Code of Civil Procedure § 673(a); *California Coastal Commission v. Allen*, 167 Cal.App.4th 322, 327 (2008).  California Code of Civil Procedure § 673(b) sets out the precise contents of the acknowledgment of judgment.  California Code of Civil Procedure § 673(c) prescribes the method for completing the acknowledgment: "The acknowledgment of assignment of judgment shall be:  (1) Made in the manner of an acknowledgment of a conveyance of real property.  (2) Executed and acknowledged by the judgment creditor or by the prior assignee of record if there is one." *Id*.

Having reviewed the Assignment of Judgment attached to the Stillman Declaration as Exhibit 2, the court finds as an uncontroverted fact that the Acknowledgment of Assignment of Judgment to Konstantin Khionidi as Trustee of the Cobbs Trust complies in every respect with California Code of Civil Procedure § 673 and is therefore a valid assignment to the Cobbs Trust of the Texas Judgment and the California Sister-State Judgment.

The court also determines as a matter of law that Defendant lacks standing to challenge the Assignment.  The court in *California Coastal Commission v. Allen* specifically rejected a judgment debtor's attempt to challenge the validity of an assignment of judgment that complied with California Code of Civil Procedure § 673 as Defendant seeks to do here:

> These statutes, read together, specify requirements for an assignee to obtain standing as a judgment creditor to enforce a judgment under the Enforcement of Judgments Law. No provision is made for a debtor to attack the judgment creditor's authority to make the assignment; the scope of the provision is limited to the process for an assignee to obtain standing to proceed as a creditor.

167 Cal.App.4th at 327 (emphasis added).  In that case, a judgment was assigned to a third party for collection by the California Coastal Commission, who filed an Order for Sale of the judgment debtor's real property, and attached the filed Assignment of Judgment pursuant to California Code of Civil Procedure § 673.  As the court held in *Allen*, "The

1    signatures were notarized, and the acknowledgment was filed in the superior court on

2    December 15, 2005. This is all that is required for purposes of the Enforcement of

3    Judgments Law." 167 Cal.App.4th at 328.  Thus, as a matter of law, Defendant lacks

4    standing to challenge the assignment to the Cobbs Trust.

5         Defendant's sole argument regarding the validity of the actual assignment is that the

6    Acknowledgment of Assignment of Judgment filed with the Superior Court of California for

7    the County of Los Angeles was mailed to "645 W. 9th St.," instead of "645 W. 9th St., #110-

8    140."  Ignoring that Defendant has not presented any admissible evidence on this point, her

9    argument was specifically rejected in *In re Millican*, No. 13-33450; Adv. No. 13-3167, 2014

10   WL 3893360, 2014 Bankr. LEXIS 3383, at *9 (Bankr. N.D. Ohio, Aug. 8, 2014) (construing

11   California law regarding the validity of an assignment of a judgment in connection with an

12   adversary proceeding objecting to dischargeability of a judgment).

13

14        The court in *Millican* rejected the defendant's argument in his response to plaintiff's

15   motion for summary judgment that he did not receive proper notice of the assignment.  *Id.*,

16   slip op. at *4. "[W]ithout citation to any material in the record supporting that fact, [it] is

17   insufficient to defeat Plaintiff's Motion. Fed. R. Civ. P. 56(c)(1); Fed. R. Bankr. P. 7056."  *Id.*

18   The court in *Millican* next rejected the defendant's argument that notice was even required

19   for an assignment of a judgment to be effective:

20           And finally, although Defendant cites California Code of Civil Procedure §§
21           673 and 1014, apparently for the proposition that such notice is required for
             an assignment to be effective, those statutes do not include such a
22           requirement. Section 1014 provides only that a defendant or his attorney "is
             entitled to notice of all subsequent proceedings of which notice is required to
23           be given." Cal. C.C.P. § 1014 (emphasis added). Section 673 provides that
             "[a]n assignee of a right represented by a judgment may become an assignee
24           of record by filing with the clerk of the court which entered the judgment an
             acknowledgment of assignment of judgment." Cal. C.C.P. § 673. It includes
25           no requirement that notice be given to any party. Defendant has cited, and
26           the court has found, no authority requiring notice of an assignment of
             judgment in order for the assignment to be valid.
27

28                                                  34

*Id.* [2]

Even assuming that she had standing and even assuming that service of the Notice was required, there is no evidence that Defendant did not receive it. Defendant's naked assertion of non-receipt is manifestly insufficient to overturn the proof of service and create a genuine issue of fact. *In re Estate of Wiechers,* 199 Cal. 523, 530 (1926)("it cannot be said that petitioner's mere statement that 'no papers were ever served upon' her . . . is such 'clear and convincing proof' as to require a finding . . .that no legal service of notice of the motion was made upon her"). The mere fact that the person to be served with the document claims not to have received it through the mail does not establish that affidavit of mailing is false. *McKeon v. Sambrano,* 200 Cal. 739, 741 (1927); *Miller v. Cortese*, 136 Cal.App.2d 47, 49 (1955). Instead, a mailing is presumed to have been received by the addressee. California Evidence Code § 641. Accordingly, there is no issue of fact remaining for trial on the validity of the assignment and this courtgrants summary judgment in favor of the nonmoving party, Plaintiff, pursuant to Federal Rule of Civil Procedure 56(f)(1) on the issue of whether the Assignment is a valid assignment of the Texas and California judgments to the Cobbs Trust.

## **CONCLUSION**

Accordingly, for the foregoing reasons, Defendant's Motion for Summary Judgment should be denied, and the court determines that partial summary judgment should now be granted in favor of Plaintiff and against Defendant on Plaintiff's Fourth Cause of Action in its Complaint pursuant to 11 U.S.C. § 523(a)(6) as there is no longer any genuine issue of material fact remaining for trial as to the Fourth Cause of Action to determine the nondischargeability of the debt from the Texas Judgment and the California Sister-State

---

[2] While not germane to this case, the plaintiff in the *Millican* case prevailed on the issue of the validity of the assignment of the judgment under California law, but ultimately lost on his motion for summary judgment because he was unable to demonstrate that he was entitled to summary judgment based on collateral estoppel principles. *Id.,* slip op. at *4-6.

Judgment entered thereon.  By a separate order being filed and entered concurrently herewith, the court denies Defendant's motion for summary judgment and grants partial summary judgment in favor of Plaintiff on his fourth cause of action.  As stated in this separate order, Plaintiff is ordered to lodge a separate form of judgment in his favor and against Defendant that the debt by Defendant owed to Plaintiff as determined in the judgment in the Texas case and the resulting Sister State Judgment based thereon and entered in the Superior Court of California for the County of Los Angeles is not dischargeable.

　　　　IT IS SO ORDERED.

###

Date: February 10, 2020

_____

Robert Kwan
United States Bankruptcy Judge